UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 09-108 |
| GLENDA HALL | SECTION: I |

**ORDER AND REASONS**

Before this Court is the motion of defendant, Glenda Hall ("Hall"), to vacate, set aside, or correct her conviction and/or sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Hall's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

*BACKGROUND*

Hall plead guilty to conspiracy to commit theft of government funds in violation of Title 18, United States Code, Sections 371 and 641, and wire fraud in violation of Title 18, United States Code, Section 1341.[1] Hall conspired to steal funds from the United States Railroad Retirement Board, the United States Veterans Administration, the United States Department of Defense Finance and Accounting Service and the United States Office of Personnel Management by fraudulently routing electronic fund transfers belonging to deceased retirees into bank accounts under her control in and around New Orleans, Louisiana.[2]

Pursuant to a plea agreement, Hall expressly agreed to waive her right to appeal and collaterally attack her conviction and/or sentence except under certain circumstances not at issue here.[3] The plea agreement, which Hall signed, contains the following language:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives her rights to appeal from her conviction and/or her sentence, including but not limited to any appeal rights

---

[1] R. Doc. Nos. 1, 10.
[2] R. Doc. No. 19.
[3] R. Doc. No. 18.

> conferred by Title 28, United States Code, Sections [sic] 1291, and by Title 18, United States Code, Section 3742. The defendant further waives her right to contest her conviction and/or her sentence in any collateral proceeding, including proceedings brought under Title 28, Untied States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.[4]

Hall timely filed a motion to vacate pursuant to 28 U.S.C. § 2255 alleging that she received ineffective assistance of counsel, that the Court should have granted her leniency based on her "lengthy psychological background," that she was incompetent during her rearraignment, that federal authorities violated her Miranda rights, that a "[w]arrant [was] executed without consent,"[5] and that she was convicted of a non-existent offense under *Skilling v. United States*, 130 S. Ct. 2896 (2010).[6] The government has responded to such motion .

## LAW AND ANALYSIS

### I. OVERVIEW OF § 2255

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962). Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if

---

[4] *Id.*
[5] R. Doc. No. 30, pgs. 4-5.
[6] R. Doc. Nos. 32.

left unaddressed. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction...." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952). If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence her or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (*citing Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)). Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The standard for judging the performance of counsel was established by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland,* the Court established a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Id.* at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.

On federal habeas review, scrutiny of counsel's performance "must be highly deferential," and the Court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson,* 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 689). In assessing counsel's performance, a federal habeas court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time of trial. *Strickland,* 466 U.S. at 689; *Neal v. Puckett,* 286 F.3d 230, 236-37 (5th Cir. 2002). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone,* 535 U.S. 685, 701, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (citing *Strickland,* 466 U.S. at 689). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise. *Strickland,* 466 U.S. at 689.

The second prong of the *Strickland* test looks to the prejudice caused by counsel's deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland,* 466 U.S. at 687). "[T]he defendant must show that counsel's errors were prejudicial and deprived defendant of a 'fair trial, a trial whose result is reliable.'" *United States v. Baptiste,* No. 98-207, 2007 U.S. Dist. LEXIS 21388, at *11 n. 6, 2007 WL 925894 (E.D. La. Mar. 26, 2007) (Engelhardt, J.) (quoting *Strickland,* 466 U.S. at 687). "This burden generally is met by showing that the outcome of the proceeding would have been different but for counsel's errors." *Id.*

In *Hill v. Lockhart,* the United States Supreme Court held that the two-part *Strickland* standard was applicable to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). With respect to the prejudice prong of *Strickland,* defendant must show "that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey,* 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Lockhart,* 474 U.S. at 59).

With respect to her ineffective assistance of counsel claim, Hall simply states that "[c]ounsel did little to nothing regarding the petitioner's mental history and researching her psychological background; there was coercion and duress regarding the signing of the plea agreement by the petitioner's counsel, and various egregious mishandlings of her case."[7]

First, considering Hall's assertion that "[c]ounsel did little to nothing regarding the petitioner's mental history and researching her psychological background," the record reflects that the Court explored Hall's mental history and psychological background at length before accepting her guilty plea.[8] The Court questioned Hall extensively about her psychological condition.[9] The Court also reviewed and considered a report prepared by Dr. William B. Janzen, Ph.D. ("Dr. Janzen"), a clinical psychologist who interviewed and examined Hall before her rearraignment.[10] The record also indicates that Hall's counsel knew the medications that Hall was taking at the time of her rearraignment[11] and that he was shown Dr. Janzen's report.[12]

Second, the record undermines Hall's assertion that "there was coercion and duress regarding the signing of the plea agreement by petitioner's counsel."[13] During her

---

[7] R. Doc. No. 30, p.4.
[8] *Id*. at 3-7.
[9] *Id*.
[10] *Id*.; R. Doc. No. 20 *SEALED*.
[11] R. Doc. No. 33, pg. 4.
[12] *Id*. at 6.
[13] R. Doc. No. 30, p.4.

rearraignment, the Court asked Hall if she had "been influenced or persuaded in any way to plead guilty because of any promises of leniency or other things made by anyone."[14] Hall replied, "No, your Honor."[15] The Court then asked Hall if she had "been influenced or persuaded to plead guilty because of any threats made by anyone."[16] Again, Hall replied, "No, your Honor."[17] The Court then asked Hall if she was "entirely satisfied with the advice and services of [her] counsel."[18] Hall's response: "Yes, your Honor."[19]

Third, Hall's vague and ambiguous assertion that there were "various egregious mishandlings of her case" cannot support her ineffective assistance of counsel claim.[20] Petitioner has failed to "identify probative evidence in the record tending to support [her] allegations." *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

The record shows Hall's decision to plead guilty was that of her own and that it was voluntary.[21] Hall has not demonstrated "that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Glinsey*, 209 F.3d at 392. Accordingly, Hall's ineffective assistance claim fails to meet either prong of the *Strickland* test.

## III. INCOMPETENCY

An incompetent person's right to due process of law is violated when he or she is required to stand trial. *Pate v. Robinson*, 383 U.S. 375, 385 (1966). As the United States Supreme Court has determined, the competency of a defendant is ascertained by determining "whether [the defendant] has sufficient present ability to consult with his lawyer with a

---

[14] *Id.* at 22.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] R. Doc. No. 30, p.4.
[21] R. Doc. No. 33.

6

reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceeding against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). The Fifth Circuit, in *Lokos v. Capps*, explained the burden a petitioner must meet in order to prevail on a substantive competence claim:[22]

> One who has been convicted may collaterally attack that conviction by proving his incompetency at the time of the [rearraignment] by a preponderance of the evidence. [She] is entitled to an evidentiary hearing for that purpose when [she] makes a showing by clear and convincing evidence to raise threshold doubt about [her] competency.

*Lokos v. Capps* , 625 F.2d 1258, 1261-1262 (5th Cir. 1980) (citation omitted).  A "petitioner must present facts sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to [her] mental capacity . . . to meaningfully participate and cooperate with counsel . . . . The Fifth Circuit has characterized that burden as 'extremely heavy.'" *United States v. Williams*, 819 F.2d 605, 609 (5th Cir. 1987) (internal quotation marks and citations omitted).

In her § 2255 motion, Hall simply states that "[d]uring the guilty plea phase, the petitioner was subjected to psychotrophic [sic] drugs that hampered her ability to reason, and deal with reality."[23]  Such an assertion does not "present facts sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to [her] mental capacity . . . to meaningfully participate and cooperate with counsel." *Id.*  Additionally, the record indicates that petitioner was in fact competent at the time she was rearraigned.[24]  Because

---

[22] Hall does not allege that the Court failed to conduct a competency hearing under Pate v. Robinson, 383 U.S. 375, 385 (1966).  Accordingly, the Court only addresses Hall's substantive competence claim.
[23] R. Doc. No. 30, p. 4.
[24] *Id.* at 3-7.
> THE COURT: Are you or have you recently been under the care of a doctor or psychiatrist?

7

DEFENDANT: I'm under the care of a Dr. Rosenberg in Houston, Texas, and I've been under his care for awhile since I've been out there in Houston after Katrina.
THE COURT: What kind of doctor is he?
DEFENDANT: Psychiatry.
THE COURT: So you've been treating with him since Katrina?
DEFENDANT: Well, yeah, maybe like – I can't remember how long I've been seeing him, but it's been an extended period of time.
THE COURT: How often do you see him?
DEFENDANT: Once every two months.
THE COURT: Does he have you on medication?
DEFENDANT: Yes, he does.
THE COURT: What kind of medication are you on?
DEFENDANT: I'm on Lipitor – Limictal, I'm sorry, Limictal, I'm on Lipitor, too. And –
DEFENSE COUNSEL: May I help her, your Honor?
THE COURT: Sure.
DEFENSE COUNSEL: Topamax, Metoprolol, Coumadin, Lipitor, Limictal, Imitrex and Maxinate.
THE COURT: Does that sound right?
DEFENDANT: Yes, sir. The doctor that I was seeing in, at Ochsner had put me on Haldol.
THE COURT: I am reading from the report which I've looked at, that says in the past you've taken Limictal, Risperdal, Haldol and Thorazine; is that correct?
DEFENDANT: Yes.
THE COURT: Are you on that medication now?
DEFENDANT: No. I am on the Haldol, the Lamictal –
THE COURT: Lamictal?
DEFENDANT: Yes.
THE COURT: And what else?
DEFENDANT: I am on all of them except the Thorazine and the Risperdal.
THE COURT: And do you take your medication the way you're supposed to?
DEFENDANT: Yes, I do.
THE COURT: When was the last time you had your medication?
DEFENDANT: This morning.
THE COURT: Have you recently had any inpatient psychiatric care or has it all been outpatient?
DEFENDANT: It's been outpatient.
THE COURT: Other than what you told me about, are you taking any narcotic drugs, medicine, pills or consumed any alcohol in the past 24 hours?
DEFENDANT: No, I don't do drugs.
THE COURT: Have you ever been treated for narcotic addition?
DEFENDANT: No.
THE COURT: I've shown counsel an evaluation done by Dr. William B. Janzen . . . a clinical psychologist. Do you remember meeting with this Dr. Janzen?
DEFENDANT: Yes, I do.
THE COURT: And that was in June of this year; is that correct?
DEFENDANT: That's correct.
THE COURT: And he spoke to you and he's informed the court, the court is aware, that he recommends you be seen on a weekly basis at the present time and that you continue taking your medication. But there's nothing to indicate that you're incompetent to proceed at this point, that is you're unable to assist counsel and that you would not understand the nature of these proceedings. Counsel, is there any reason for me to believe that Ms. Hall is not competent to proceed?

Hall has failed "to raise [by clear and convincing evidence] threshold doubt about [her] competency" at the time of her rearraignment, she may not collaterally attack her conviction on the basis of incompetency. *Lokos*, 625 F.2d at 1261-1262.

### IV. WAIVER OF § 2255 RIGHTS

Hall also alleges that the Court should have granted her leniency based on her "lengthy psychological background," that she was incompetent during her rearraignment, that federal authorities violated her Miranda rights, and that a "[w]arrant [was] executed without consent."[25] As stated, before her rearraignment Hall executed a plea agreement in which she explicitly

---

> DEFENSE COUNSEL: No, your Honor. I've had several communications with her, including last night and this morning.
> THE COURT: Anything by the government indicating that she is unable to proceed?
> THE GOVERNMENT: No, your Honor.
> THE COURT: Do you understand these proceedings against you, ma'am?
> DEFENDANT: Yes, I do.
> THE COURT: And the doctor says if you're not taking your medication you may have a difficult time concentrating on the proceedings in court. You say you've been taking your medication; is that right?
> DEFENDANT: Yes, sir.
> THE COURT: And you've continued to do that?
> DEFENDANT: Yes.
> THE COURT: Based on the report from Dr. Janzen . . . I find that Ms. Hall is competent to proceed in connection with this re-arraignment.

*Id.*

Before Hall's rearraignment, Dr. William B. Janzen, Ph.D., a clinical psychologist who evaluated Hall, submitted a report to the Court in which he stated that:

> I explored with Ms. Hall if she understood the proceedings against her and it appeared that she did. For example she understood the terms guilty, not guilty, and not guilty by reason of insanity. She also understood the roles of the prosecutor, the defense attorney, and the judge. Ms. Hall also is aware of the fact that the charges against her are serious, and she is aware of the fact that because she has a past conviction her sentencing may reflect this. If at the time of sentencing Ms. Hall is not taking her medication she may have a difficult time concentrating on the proceedings in court.

R. Doc. No. 20 *SEALED*, pg. 5.

[25] R. Doc. No. 30, pgs. 4-5.

waived her right to collaterally attack her conviction and/or sentence except under certain limited circumstances.

The Fifth Circuit has held that a defendant may waive his right to post-conviction relief pursuant to 28 U.S.C. § 2255 if the waiver was knowing and voluntary. United States v. White, 307 F.3d 336, 341 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)); see also United States v. Hernandez, 234 F.3d 252, 254 (5th Cir. 2000). For the waiver to be knowing and voluntary, the defendant must know that he had a right to seek collateral review and that he was giving up that right. See United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (discussing waiver of appellate rights).

A claim of ineffective assistance of counsel may survive a waiver "when the claimed assistance directly affected the validity of that waiver or the plea itself. White, 307 F.3d at 343.[26] A claim of ineffective assistance of counsel, cannot overcome a knowing and voluntary plea or waiver. Id. at 341-43; United States v. McCray, No. 07-194, 2009 WL 1380304, at *4 (E.D. La. May 13, 2009) (Barbier, J.); United States v. James, No. 05-059, 2007 WL 2323385, at *6 (E.D. La. Aug. 10, 2007) (Vance, J.) ("If a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him."). Therefore, as long as the plea and the waiver themselves were knowing and voluntary and the contested issue is the proper subject of waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." White, 307 F.3d at 343-44.

---

[26] Additionally, a waiver cannot be enforced to bar review of a sentence that exceeds the statutory maximum or where the defendant correctly contends that the indictment clearly does not state an offense or where the factual basis for the plea agreement does not show that the defendant committed an offense. White, 307 F.3d at 341, n.2; United States v. Hollins, 97 Fed.App'x 477, 479 (5th Cir. 2004).

The record is clear that Hall knowingly and voluntarily agreed to waive her right to challenge her conviction and her sentence on collateral review.[27]  As stated, the record indicates that petitioner was competent at the time she was rearraigned.[28]  Hall signed a plea agreement,

---

[27] *See* R. Doc. Nos. 18 and 33.

[28] *Id.* at 3-7.
> THE COURT: Are you or have you recently been under the care of a doctor or psychiatrist?
> DEFENDANT: I'm under the care of a Dr. Rosenberg in Houston, Texas, and I've been under his care for awhile since I've been out there in Houston after Katrina.
> THE COURT: What kind of doctor is he?
> DEFENDANT: Psychiatry.
> THE COURT: So you've been treating with him since Katrina?
> DEFENDANT: Well, yeah, maybe like – I can't remember how long I've been seeing him, but it's been an extended period of time.
> THE COURT: How often do you see him?
> DEFENDANT: Once every two months.
> THE COURT: Does he have you on medication?
> DEFENDANT: Yes, he does.
> THE COURT: What kind of medication are you on?
> DEFENDANT: I'm on Lipitor – Limictal, I'm sorry, Limictal, I'm on Lipitor, too.  And –
> DEFENSE COUNSEL: May I help her, your Honor?
> THE COURT: Sure.
> DEFENSE COUNSEL: Topamax, Metoprolol, Coumadin, Lipitor, Limictal, Imitrex and Maxinate.
> THE COURT: Does that sound right?
> DEFENDANT: Yes, sir. The doctor that I was seeing in, at Ochsner had put me on Haldol.
> THE COURT: I am reading from the report which I've looked at, that says in the past you've taken Limictal, Risperdal, Haldol and Thorazine; is that correct?
> DEFENDANT: Yes.
> THE COURT: Are you on that medication now?
> DEFENDANT: No.  I am on the Haldol, the Lamictal –
> THE COURT: Lamictal?
> DEFENDANT: Yes.
> THE COURT: And what else?
> DEFENDANT: I am on all of them except the Thorazine and the Risperdal.
> THE COURT: And do you take your medication the way you're supposed to?
> DEFENDANT: Yes, I do.
> THE COURT: When was the last time you had your medication?
> DEFENDANT: This morning.
> THE COURT: Have you recently had any inpatient psychiatric care or has it all been outpatient?
> DEFENDANT: It's been outpatient.
> THE COURT: Other than what you told me about, are you taking any narcotic drugs, medicine, pills or consumed any alcohol in the past 24 hours?
> DEFENDANT: No, I don't do drugs.
> THE COURT: Have you ever been treated for narcotic addition?
> DEFENDANT: No.

setting forth the terms of the waiver.[29] After the Assistant United States Attorney read Hall the entire plea agreement during the rearraignment, Hall acknowledged that she had signed the plea agreement.[30] The Court then asked Hall if she understood "what the U.S. Attorney just outlined

---

> THE COURT: I've shown counsel an evaluation done by Dr. William B. Janzen . . . a clinical psychologist. Do you remember meeting with this Dr. Janzen?
> DEFENDANT: Yes, I do.
> THE COURT: And that was in June of this year; is that correct?
> DEFENDANT: That's correct.
> THE COURT: And he spoke to you and he's informed the court, the court is aware, that he recommends you be seen on a weekly basis at the present time and that you continue taking your medication. But there's nothing to indicate that you're incompetent to proceed at this point, that is you're unable to assist counsel and that you would not understand the nature of these proceedings. Counsel, is there any reason for me to believe that Ms. Hall is not competent to proceed?
> DEFENSE COUNSEL: No, your Honor. I've had several communications with her, including last night and this morning.
> THE COURT: Anything by the government indicating that she is unable to proceed?
> THE GOVERNMENT: No, your Honor.
> THE COURT: Do you understand these proceedings against you, ma'am?
> DEFENDANT: Yes, I do.
> THE COURT: And the doctor says if you're not taking your medication you may have a difficult time concentrating on the proceedings in court. You say you've been taking your medication; is that right?
> DEFENDANT: Yes, sir.
> THE COURT: And you've continued to do that?
> DEFENDANT: Yes.
> THE COURT: Based on the report from Dr. Janzen . . . I find that Ms. Hall is competent to proceed in connection with this re-arraignment.

*Id*.

Before Hall's rearraignment, Dr. William B. Janzen, Ph.D., a clinical psychologist who evaluated Hall, submitted a report to the Court in which he stated that:

> I explored with Ms. Hall if she understood the proceedings against her and it appeared that she did. For example she understood the terms guilty, not guilty, and not guilty by reason of insanity. She also understood the roles of the prosecutor, the defense attorney, and the judge. Ms. Hall also is aware of the fact that the charges against her are serious, and she is aware of the fact that because she has a past conviction her sentencing may reflect this. If at the time of sentencing Ms. Hall is not taking her medication she may have a difficult time concentrating on the proceedings in court.

R. Doc. No. 20 *SEALED*, pg. 5.

[29] R. Doc. No. 18, p.2.
[30] R. Doc. No. 33, pg. 25.

and [if that was her] understanding of the plea agreement."[31]  Before accepting Hall's guilty plea, the Court explained the terms of the waiver and advised Hall of the limited grounds on which she could seek collateral review.[32]  Accordingly, the waiver is valid and it precludes Hall from challenging her conviction on grounds that that the Court should have granted her leniency based on her "lengthy psychological background,"[33] that federal authorities violated her Miranda rights, or that a "[w]arrant [was] executed without consent."[34]

## V.     SKILLING V. UNITED STATES

Finally, Hall argues that she was convicted of a non-existent offense under *Skilling v. United States*, 130 S. Ct. 2896 (2010).  Skilling concerned the scope of 18 U.S.C. § 1346, the honest-services fraud statute.  Hall was not charged with honest-services fraud.  Accordingly, Hall's claim is meritless.

---

[31] *Id.*
[32] R. Doc. No. 33, pgs. 25-26.

> THE COURT: Now, as part of your plea agreement you waive your right in most respects to appeal your conviction and/or your sentence.  You further waive your right to contest your conviction and/or your sentence in any collateral proceeding.  You have reserved your right, however, to bring a direct appeal of any sentence imposed in excess of the statutory maximum.  You may also challenge your conviction or sentence if you can show you received ineffective assistance of counsel or claim of ineffective assistance [which] directly affected the validity of your plea or waiver of appeal.
> A waiver of the appeal in the plea agreement would also not be enforced to bar a direct appeal to the Bill of Information if it did not state an offense and/or where the factual basis for the plea did not show the commission of an offense.  Otherwise, you would have no right to appeal your conviction or your sentence.

[33] Before Hall's sentencing, the Court reviewed the presentence investigation report (PSR) that U.S. Probation prepared with respect to Hall.  The PSR documented Hall's psychological background and mental problems.  Indeed, during Hall's sentencing, the Court took Hall's mental problems into consideration but found that her criminal history outweighed such issues.  The Court stated:

> Although it is clear that the defendant does have mental problems which require medication and psychiatric care, the defendant's medical history is counter balanced by her criminal history and disregard for the law, failure to learn from her past bad behavior and coordination of criminal activity.

R. Doc. No. 34-1, pg. 14.

[34] R. Doc. No. 30, pgs. 4-5.

13

## CONCLUSION

Accordingly, **IT IS ORDERED** that Hall's motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Hall's petition is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November __12th__, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**